79   443
180s 458

**James Millikin v. William H. Starr and Isaac R. Mills,
late Partners under the Name of Starr & Mills,
for the use of William H. Starr.**

1.  PRACTICE—*Special Pleas Which Amount to the General Issue.*—
Where questions sought to be raised by a special plea, arise also upon
the general issue, it is not reversible error to sustain a demurrer to such
plea.

2.  CONSTRUCTION OF CONTRACTS—*Intention of the Parties.*—Courts
will ascertain and give effect to the intention of the parties at the time
the contract is made, so far as such intention can be ascertained from
the contract itself.

3. SAME—*Prior Conversations, etc.*—Conversations or verbal declarations of the parties prior to or at the time of the execution of the contract are inadmissible to contradict or vary the terms of the written instrument, except in cases of fraud.

4. SAME—*All the Provisions to be Considered.*—All the terms and provisions of a written contract will be given a meaning and effect if possible, and nothing is to be rejected without a plain necessity, and then only when the terms are inconsistent and incapable of being harmonized.

5. CONTRACTS—*Repudiation of, by Reason of Infancy.*—In this case the defendant could repudiate or refuse to pay the notes only by reason of his minority. Repudiation for any other cause would have been a legal nullity, and no indemnity is needed against such legal nullity. Repudiation or refusal because of minority is effective in law, and hence the necessity for indemnity against repudiation by reason of minority.

Assumpsit, on a contract in writing. Trial in the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Verdict and judgment for plaintiffs. Appeal by defendant. Heard in this court at the May term, 1898. Reversed. Opinion filed December 2, 1898.

The special pleas referred to in the opinion are as follows:

(2) " And for a further plea in this behalf the defendant, by his attorneys, I. A. Buckingham and H. Crea, says *actio non*, because, he says, that said Murray G. Millikin on his arrival at the age of twenty-one years, did not repudiate and refuse to pay the notes in said declaration mentioned, nor any of them, but on the contrary thereof the said Murray G. Millikin after his arrival at the age of twenty-one years ratified and confirmed the execution of the said notes by him and of the mortgage executed by him securing said notes, and agreed to and with the plaintiffs to pay said notes, and to stand by and be subject to all the conditions contained in said mortgage securing said notes. And this defendant is ready to verify, etc. Wherefore defendant prays judgment, etc.

(3) And for a further plea in this behalf the defendant, by his attorneys aforesaid, says *actio non*, because, he says, that the said Murray G. Millikin after he had arrived at the age of twenty-one years, did not repudiate and refuse to pay the said notes in said declaration mentioned, or any of them, but on the contrary thereof the said Murray G. Millikin after he had arrived at the age of twenty-one years executed

and delivered to the plaintiffs an instrument in writing, in and by which instrument the said Murray G. Millikin ratified and confirmed the purchase made by him of and from the plaintiffs of the premises described in said declaration, and ratified and confirmed the execution by him, the said Murray G. Millikin, of the said notes in said declaration mentioned, which said instrument in writing is as follows, to-wit:

To WILLIAM H. STARR and ISAAC R. MILLS:

Whereas, I, Murray G. Millikin, while I was under the age of twenty-one years, purchased of you, the said Starr & Mills, lot sixteen (16) and fifteen (15) feet off of the east side of lot fifteen (15) in block three (3) in Starr & Mills' addition to the city of Decatur, Macon county, Illinois, for the price of eight hundred dollars, and

Whereas, I, the said Murray G. Millikin, gave you, the said Starr & Mills, my certain promissory note to secure the payment of said purchase price of said real estate, together with a mortgage upon said premises, which said mortgage was by me acknowledged on the 27th day of June, A. D. 1893, and recorded in the recorder's office of Macon county, Illinois, on February 9th, A. D. 1894, in book 172, page 64, and

Whereas, I, the said Murray G. Millikin, have now arrived at the age of twenty-one years, having attained my majority on the 19th day of May, A. D. 1895, and am desirous that you, the said Starr & Mills, shall be as fully protected as though I had not been a minor at the time I made such purchase and executed said notes and mortgage, the said notes being now unpaid.

Now, therefore, in consideration of the premises, and in the further consideration of one dollar to me in hand paid, the receipt of which is hereby acknowledged, I, the said Murray G. Millikin, do hereby agree to and with you, the said Starr & Mills, to ratify and confirm, and I do hereby in all things ratify and confirm, my said purchase of said real estate, and the execution by me of said notes and mortgage given to secure the purchase price of said real estate; and I do further agree to and with you, the said Starr & Mills, to pay the said notes, and to stand by and be subject to all the conditions in said mortgage executed by me to you as aforesaid.

In witness whereof, I have hereunto set my hand and affixed my seal this eighteenth day of October, A. D. 1895.

MURRAY G. MILLIKIN.  [SEAL.]

STATE OF ILLINOIS, } ss.
  Macon County.

I, Isaac D. Walker, a notary public in and for said county, do hereby certify that Murray G. Millikin, personally known to me, appeared before me this day in person and acknowledged that he freely and voluntarily executed the foregoing instrument for the uses and purposes therein expressed.

Witness my hand and notarial seal, this 18th day of October A. D. 1895.

[SEAL.]                         ISAAC D. WALKER,
                                     Notary Public.

And defendant further says that the said instrument of ratification and confirmation as aforesaid was executed and delivered by said Murray G. Millikin to the plaintiffs before the commencement of this suit.

And this the defendant is ready to verify, etc. Wherefore he prays judgment, etc., whether the plaintiffs ought to further have or maintain their said suit against him," etc.

I. A. BUCKINGHAM and H. CREA, attorneys for appellant.

LeFORGEE & LEE and MILLS BROS., attorneys for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellees sued appellant in an action of assumpsit upon the following written contract:

" Whereas, Murray G. Millikin has purchased of Starr & Mills lot sixteen (16) and fifteen feet off of the east side of lot fifteen (15) in block three (3) in Starr & Mills' addition to the city of Decatur, for the sum of $800; and whereas, the said Murray G. Millikin has given to the said Starr & Mills his certain promissory notes to secure the payment of said consideration together with a mortgage upon the said premises; and whereas, the said Murray G. Millikin is a minor under the age of twenty-one years, but is desirous of having the deed to said lots so purchased made to him; now, therefore, in consideration of the premises and in consideration of the making of said deed direct to the said Murray G. Millikin, I, James Millikin, do hereby guarantee that the said Murray G. Millikin will ratify said purchase and the giving and execution of said notes upon his arriving at the age of twenty-one years in such manner as will

Millikin v. Starr.

make him personally liable on said notes given for said purchase money: And in the event that said Murray G. Millikin shall repudiate or refuse to pay said notes, I hereby agree to pay the same to the said Starr & Mills or their assigns.

Dated at Decatur, Illinois, this 26th day of June, A. D. 1893.

(Signed)    JAMES MILLIKIN."

Appellant pleaded to the declaration the general issue and two special pleas, the latter to the effect that Murray G. Millikin, on his arrival at the age of twenty-one years, did not repudiate and refuse to pay the notes mentioned in the contract, but did ratify and confirm the same and after his arrival at such age executed and delivered to plaintiff an instrument in writing by which he ratified and confirmed the purchase of the premises and the execution of the notes described in the contract of guaranty. The court sustained a demurrer to the special pleas and the cause was then tried by jury resulting in a verdict and judgment against appellant for $1,076.88, from which this appeal is prosecuted.

Various errors have been assigned and argued in this court by which a reversal of the judgment is sought, chief among which are that the Circuit Court erred in sustaining the demurrer to the pleas, excluded competent evidence on the trial, gave improper and refused proper instructions to the jury.

In the view we entertain of the proper construction of the contract, we are of the opinion that the questions sought to be raised by the special pleas, arise also upon the general issue, and there was therefore no harmful error by the court in sustaining the demurrer to such pleas.

The remaining questions to be decided by this court are whether the trial court by its instructions to the jury attributed to the contract of appellant its proper meaning, and whether the court properly ruled in rejecting evidence of conversations of the parties before and at the time of the execution of the contract relative to their understanding of the meaning of the contract, and also in the rejection of the written ratification made by Murray G. Millikin after he attained the age of majority.

By the instructions the court informed the jury, in sub-stance, that the language used in the contract constituted a guaranty of the notes, and not merely a guaranty that Murray G. Milliken would, upon reaching the age of majority, ratify the contract he had made; that the word refused, as used in the contract, meant the failure to pay the notes on demand. By instructions asked by appellant, and refused by the court, the same questions arising upon such as were given are preserved by proper exceptions in the record.

It is a well established and elementary rule of the law that the court will ascertain and give effect to the intention of the parties at the time the contract was made, so far as such intention can be ascertained from the contract itself. It is also a familiar doctrine, as we understand the law, that conversations, or verbal declarations of the parties prior to the time of the execution of the contract, are inadmissible to contradict or vary the terms of the written instrument, except in cases of fraud, and we think such evidence was properly rejected. Nor would such evidence be necessary to explain ambiguity, if upon inspection of the instrument no ambiguity appeared, nor to show the surroundings of the parties to the contract, if the contract itself exhibited the situation; all of which features we think are sufficiently disclosed by the recitals and terms of the within document, without the aid of extrinsic evidence, even if such evidence under any circumstances would be admissible.

Was it the intention of the parties to the contract above quoted that appellant, without conditions, undertook to pay the notes given by Murray G. Millikin, in case of his failure or inability to pay them, or was the contract such that appellant would be liable on the event only that the minor would accept the privilege extended to him by the law, on arriv-ing at the age of majority, to disaffirm his contract made during infancy? As we have already intimated, this inten-tion is to be made manifest by the contract itself, in view of all the circumstances of the parties at the time of entering into its terms, so far as disclosed by the written document.

The writing signed by appellant recites the purchase of the real estate by the minor, that he had given his promissory notes, with a mortgage on the premises purchased, to secure the payment of the consideration, and that he, as a minor, was desirous of having the title vested in him; that in consideration of such recited facts, and of making the deed direct to the minor, appellant guaranteed that the minor would ratify the purchase and the notes upon his arrival at the age of twenty-one years, so as to make him personally liable upon the notes given for the purchase money, and if he should repudiate or refuse to pay the notes, appellant agreed to pay the same. It is not disputed, as we understand the evidence, that upon his arriving at the age of majority, Murray G. Millikin did ratify the purchase and the notes in such manner as did make him personally liable. It is true the court rejected the written evidence of this fact, as we think improperly, but the error was harmless for the reason that it sufficiently appears from the oral proof, by circumstances and otherwise, that he did ratify the contract and failed to pay merely because of his inability to do so.

It seems to us clear, when all the recitals and terms of the contract are considered, that the plain intent and meaning of the same was to indemnify appellees against the one contingency of a disaffirmance by the minor of the purchase of the real estate and the notes given for the purchase money. When the last clause of the contract was inserted binding the appellant to pay in the event the minor should repudiate or refuse to pay the notes, it is not reasonable to infer the parties intended that all the previous provisions of the contract should thereby become meaningless. How was it possible for Murray G. Millikin to repudiate or refuse to pay the notes? Only by reason of his minority, which had been previously stated. Repudiation or refusal for any other cause would be a legal nullity, and no indemnity was needed against a legal void. Repudiation or refusal because of minority would be effective in law, and hence the necessity for indemnity. It is an elementary rule of construc-

tion that all the terms and provisions of a written contract will be given a meaning and effect if possible, and nothing is to be rejected without a plain necessity, and then only when the terms are inconsistent and incapable of being harmonized. The construction sought by appellees to be put upon the term "repudiate or refuse to pay," would be to destroy and render useless the previous undertaking in the contract that appellant guaranteed the minor would ratify the purchase and the giving and execution of the notes upon his arrival at the age of twenty-one years. We are therefore of the opinion the contract in question clearly means that it was the intention of the parties thereto that appellant would be liable only in the event Murray G. Millikin disaffirmed his contract; repudiated and refused to pay the notes because of his minority; and the judgment of the Circuit Court will therefore be reversed.

FINDING OF FACTS TO BE RECITED IN THE FINAL ORDER OF THIS COURT.

And the court finds as facts, from the evidence in the case, that appellant, by the contract sued upon, undertook to pay the money mentioned therein, upon the condition only that Murray G. Millikin, a minor, upon his arrival at the age of twenty-one years, would fail to ratify the notes in controversy in such manner as would make him personally liable upon such notes, or that such minor would repudiate or refuse to pay such notes by reason or on account of his minority. The above finding is based solely upon the written contract of the parties, and is the result of the legal construction given to the same by this court.

And the court further finds, from the evidence in the case, that upon his arrival at the age of majority the said Murray G. Millikin did so ratify said notes as made him personally liable thereon, and did not repudiate or refuse to pay the same by reason or on account of his minority.